IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARIO WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-434-W |
| | ) | |
| JUSTIN JONES, et al. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon initial review of the Complaint, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma.

The Plaintiff and two of the three Defendants reside in the Eastern District of Oklahoma. According to the complaint, the alleged misconduct involves various violations of Plaintiff's religious rights under the First Amendment and RLUIPA. All of the events occurred at the Davis Correctional Facility (DCF) in Holdenville, Oklahoma, which is in Hughes County and therefore located in the United States District Court for the Eastern District of Oklahoma.

Justin Jones is the only named Defendant who resides in the Western District,

1

and Plaintiff's allegations against him are strictly as policymaker—there are no allegations that Defendant Jones personally took any action that occurred at DCF. Furthermore, the undersigned takes notice that Plaintiff has also brought several actions in the Eastern District of Oklahoma—some of which may present issues duplicative of those presented herein.

Under the general venue statute:

(b) Venue in general.--A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Obviously, venue is proper in this District due to Plaintiff's inclusion of Justin Jones as a Defendant. However, under 28 U.S.C. § 1404(a):

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The undersigned finds that for the convenience of the parties, witnesses, and in the interest of justice this action should be transferred to the United States District Court for the Eastern District of Oklahoma. Of particular concern is the number of §

1983 actions filed by Plaintiff in the Eastern District; that District is obviously in a better position to determine if the same issues have been raised or are currently pending in another action, or if Plaintiff may be subject to the three-strikes rule.

*Sua sponte* transfer under § 1404(a) has been recognized in many cases; but the Court should make sure that the parties are given an opportunity to present their views. *See* 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3844 at n. 2 (3d ed). The Plaintiff will have an opportunity to be heard on the issue by filing an objection to the Report and Recommendation.

## RECOMMENDATION

It is therefore recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C. § 1404(a). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **May 20, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of Court is hereby directed to send a copy of this Report and Recommendation to the Oklahoma Attorney General of the State of Oklahoma on behalf of the Defendants on behalf at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on May 3, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE