IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS,

        Plaintiff,

v.

JUSTIN JONES, et al.,

        Defendants.

No. CIV 13-206-RAW-SPS

## OPINION AND ORDER

This action is before the court on Defendant Justin Jones' motion to dismiss (Docket No. 25). Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Person Act (RLUIPA), seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Center (DCF) in Holdenville, Oklahoma. The defendants are Former DOC Director Justin Jones, DCF Warden Tim Wilkinson, and Chaplain Brian Wideman.[1]

Plaintiff alleges that shortly after he arrived at DCF in August 2008, the warden began allowing Muslim maximum security inmates to attend Jumuah services in a secure room. Around July 2009 the inmates were told that the services would be discontinued for two weeks, but the services never resumed. Plaintiff filed a grievance on September 7, 2012, which was denied. The response to the grievance stated that "religious practices will be

---

[1] To the extent Defendant Jones is sued in his official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

allowed in accordance with security needs and must conform to all safety and health requirements." Further, "all religious activities will be conducted in a manner that is consistent with available resources and requirements of facility security, safety, and health."

Plaintiff also complains that on August 22, 2012, he requested a Kosher diet mandated by his religion. The request was denied, because a Kosher diet is not permitted for Muslim inmates. Prison policy only allows a Kosher diet for inmates who are Jewish, Messianic Jewish, and House of Yahweh. Plaintiff also complains that Muslim inmates are being denied equal protection, because they are treated less favorably than inmates who are Jewish, Messianic Jewish, or House of Yahweh.

**Standard of Review**

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to

state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of Defendant Jones' motion.

Defendant Jones alleges plaintiff has failed to show he personally participated in any of the alleged violations of constitutional rights. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

A review of the complaint shows the only mention of Defendant Jones is that he is the DOC Director and is responsible for OP-030112, "Religious Policy and Regulations." Plaintiff clearly has not linked Defendant Jones to any of the incidents set forth in the complaint. The allegation that Jones approves DOC policies is not sufficient to state a cause of action.

**ACCORDINGLY,** Defendant Justin Jones' motion to dismiss (Docket No. 25) is GRANTED, and Defendant Jones is DISMISSED from this action.

**IT IS SO ORDERED** this 18th day of March 2014.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE