# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS, )
)
        Plaintiff, )
)
v. ) No. CIV 13-206-RAW-SPS
)
TIM WILKINSON, et al., )
)
        Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint (Dkt. 1), the defendants' motion (Dkt. 41), and plaintiff's response (Dkt. 43).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lexington Correctional Center in Lexington, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA)[1], seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. On March 18, 2014, Defendant Justin Jones was dismissed for plaintiff's failure to show that Jones personally participated in the alleged constitutional violations. (Dkt. 28). The remaining defendants are DCF Warden Tim Wilkenson and DCF Chaplain Brian Wideman.

Plaintiff's claims were set forth in the Opinion and Order dismissing Defendant Jones:

---

[1] In relevant part, RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)

Plaintiff alleges that shortly after he arrived at DCF in August 2008, the warden began allowing Muslim maximum security inmates to attend Jumuah services in a secure room. Around July 2009 the inmates were told that the services would be discontinued for two weeks, but the services never resumed. Plaintiff filed a grievance on September 7, 2012, which was denied. The response to the grievance stated that "religious practices will be allowed in accordance with security needs and must conform to all safety and health requirements." Further, "all religious activities will be conducted in a manner that is consistent with available resources and requirements of facility security, safety, and health."

Plaintiff also complains that on August 22, 2012, he requested a kosher diet mandated by his religion. The request was denied, because a kosher diet is not permitted for Muslim inmates. Prison policy only allows a kosher diet for inmates who are Jewish, Messianic Jewish, and House of Yahweh. Plaintiff also complains that Muslim inmates are being denied equal protection, because they are treated less favorably than inmates who are Jewish, Messianic Jewish, or House of Yahweh.

(Dkt. 28 at 1-2).

**Communal Religious Services**

The defendants allege plaintiff failed to exhaust the administrative remedies for his claim regarding communal religious services. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

2

The defendants further allege the DOC grievance policy is used at DCF. According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS). If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The record shows that on August 27, 2012, plaintiff, a maximum security inmate, submitted a RTS to Chaplain Wideman, stating that the DCF Muslim inmates had not been allowed to participate in communal religious services since July 2009. (Dkt. 41-2 at 15). The chaplain's response on August 31, 2012, stated that pursuant to DOC policy, maximum security inmates are not allowed to congregate. *Id*. On September 4, 2012, plaintiff filed Grievance No. 2012-1001-00527-G, which was returned to him unanswered on September 5, 2012, because an inmate may not submit a grievance on behalf of another person. (Dkt. 41-2 at 12- 13). He was granted ten days to properly resubmit the grievance. *Id*. at 12. Plaintiff resubmitted the grievance on September 7, 2012, and the warden denied it on the same day. Plaintiff then filed an appeal with the DOC Administrative Review Authority, but he failed to include the facility head's response with his appeal, so it was returned unanswered. On September 18, 2012, the Administrative Review Authority returned the appeal unanswered, noting that plaintiff had been instructed to correct the error and resubmit the appeal within ten days. (Dkt. 41-2 at 11). Therefore, this claim regarding communal religious services has not been exhausted and must be dismissed.

**Kosher Diet**

The defendants also have moved for dismissal of plaintiff's claim regarding the denial of a kosher diet, based on his failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). At DCF a kosher diet is available to inmates who are Jews, Messianic Jews, and followers of the House of Yahweh. A halal diet is available to Muslim

3

inmates. The defendants allege plaintiff has failed to plead how the denial of a kosher diet imposed a substantial burden on his religious free exercise, and they apparently are claiming plaintiff should have requested a halal diet.

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for him, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the court turns to the merits of the defendants' motion.

The record shows that on August 22, 2012, plaintiff submitted a Special/Religious Diet Request Form requesting a kosher diet. (Dkt. 1-1 at 9). Chaplain Wideman denied the

4

request on August 24, 2012. *Id*. Also on August 22, 2012, plaintiff submitted a RTS to Chaplain Wideman, again requesting a kosher diet. (Dkt. 41-2). Wideman denied the request on August 28, 2012, stating that "per OP-030112 the Muslim faith is not listed on attachment." *Id*. Plaintiff filed Grievance No. 2012-1001-00517-G on August 30, 2012, which was denied by Defendant Warden Wilkinson on August 31, 2012. (Dkt. 41-2 at 6-8). Plaintiff properly filed an appeal of the grievance to the DOC Administrative Review Authority, which affirmed the warden's decision on on September 10, 2012. (Dkt. 41-2 at 2-4). The defendants concede that plaintiff exhausted the administrative remedies for his request for a kosher diet.

"[P]risoners have a constitutional right to a diet conforming to their religious beliefs." *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *LaFevers v. Saffle*, 936 F.2d 1117, 1119-20 (10th Cir. 1991)). Under the First Amendment, an inmate must show his beliefs are "religious in nature" and "sincerely held." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "[P]rison officials-defendants may 'identif[y] the legitimate penological interests that justif[ied] the impinging conduct.'" *Id*. (quoting *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 1997)). "[T]o proceed with his RLUIPA claim, [plaintiff] must demonstrate he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 469 (2010).

It is not disputed that plaintiff is a Muslim. While he cites numerous cases concerning religious diets, he does not assert he requires a kosher diet to practice his sincerely-held beliefs. Instead, he states he "requested a diet (kosher) 'per his religious faith' on 8/22/2012." (Dkt. 1 at 14). He, however, has failed to articulate why he needs a kosher diet, instead of a halal diet, to practice his religion. In addition, he has not shown that his religious exercise is subject to a substantial burden by the government.

Plaintiff also has not alleged facts to establish the essential elements of a claim of the denial of equal protection. To state a claim under the Equal Protection Clause, plaintiff must

5

allege he was treated differently because of a suspect classification, or alternatively, that he was treated differently than those similarly situated, without regard to a legitimate penological purpose. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). *See also Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (holding that to prevail on his equal protection claim, plaintiff must (1) allege he was treated differently from other inmates, and (2) "allege facts sufficient to overcome a presumption of government rationality").

Plaintiff is not claiming he was treated differently because of any suspect classification. Instead, he complains that "[t]he Jews, Messianic Jewish, and House of Yahweh faiths are allowed to be provided diets mandated by their religion[s] pursuant to DOC Policy OP-030112." (Dkt. 1 at 12). Plaintiff has not shown that other Muslim inmates confined in maximum security at DCF have requested and received a kosher diet. Therefore, the court finds plaintiff has failed to state a claim regarding a kosher diet. See Fed. R. Civ. P. 12(b)(6).

Based on the foregoing reasons the court finds the allegations regarding the denial of a kosher diet are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case

when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendant Justin Jones previously was dismissed from this action for plaintiff's failure to show Jones personally participated in the alleged incidents. Plaintiff's claim regarding communal religious services is DENIED WITHOUT PREJUDICE for his failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and his claim regarding a kosher diet is DENIED WITH PREJUDICE. This action is, in all respects, DISMISSED as frivolous, and the dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19th day of March 2015.

**Dated this 19th day of March, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma